UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RUSLAN GIVIYEVICH TUKHASHVILI

Petitioner,

v. Case No. 2:26-cv-1524-SPC-NPM

WARDEN, SOUTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

_____________________________________/

**OPINION AND ORDER**

Petitioner Ruslan Giviyevich Tukhashvili initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). At the Court's direction, the government filed a response to the petition arguing, that Petitioner's detention was lawful as he had not yet been detained in excess of 180 days when he filed his petition. (Doc. 6 at 3–6). On July 13, 2026—after Petitioner had been in immigration custody for 182 days—the Court directed the government to file supplemental briefing "explain[ing] how (and whether) Tukhashvili's removal is likely in the reasonably foreseeable future." (Doc. 9).

On July 18, 2026, the government informed the Court that "Federal Respondents no longer oppose the Petition because Federal Respondents cannot show [Tukhashvili's] removal is significantly likely to occur in the

reasonably foreseeable future." (Doc. 11 at 1). Accordingly, for the reasons explained below, Tukhashvili's petition is granted.

## I. Background

Ruslan Giviyevich Tukhashvili is a native and citizen of Georgia who entered the United States on December 1, 1992. (Doc. 6 at 1–2). He was paroled as a Soviet asylee and later adjusted his status to lawful permanent resident. (*Id.* at 2). However, after pleading guilty to residential burglary in 2008, an immigration judge entered a final order of removal on April 28, 2009. (*Id.*) Subsequently, Petitioner left the country, but he re-entered only days later. (*Id.*) Thereafter, Tukhashvili was arrested for numerous crimes including drug-related offenses, violation of probation, trespassing, disorderly intoxication, theft, burglary, and battery on a law enforcement officer. (Doc. 6-1 at 7–8).

On December 26, 2025 Tukhashvili was encountered by Immigration and Customs Enforcement (ICE) officials after an arrest for trespassing. (Doc. 6 at 2). Because his first removal order had already been effectuated, a final administrative removal order was entered and served on Petitioner on January 13, 2026. (*Id.*) Tukhashvili has since expressed fear of being removed to Russia, and a withholding of removal request is pending to allow ICE to conduct a credible fear interview. (*Id.*)

## II. Discussion

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).

In *Zadvydas v. Davis*, the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 680, 700-01 (2001). So, "for the sake of uniform administration in the federal courts," *Zadvydas* established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* at 701. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. *Id.*

Respondents agree that Tukhashvili has been in immigration custody for more than 180 days and that they are unable to show that his removal is likely to occur in the reasonably foreseeable future. (Doc. 11). Thus, he is entitled to release from detention, but he remains subject to the terms of an order of supervision. If Tukhashvili fails to comply with the conditions of release, he may be subject to criminal penalties—including further detention. *See* 8 U.S.C. § 1253(b); *Zadvydas*, 533 U.S. at 695("[W]e nowhere deny the right of Congress . . . to subject [aliens] to supervision with conditions when released from

detention, or to incarcerate them where appropriate for violations of those conditions").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Tukhashvili to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby **ORDERED:**

1. Ruslan Giviyevich Tukhashvili's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

2. Respondents shall release Tukhashvili within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by allowing him telephone access to notify counsel and his family of when and where he can be collected.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record